[Cite as *Springer v. Springer*, 2013-Ohio-2272.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| TRACY L. SPRINGER, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-09-180 |
| | : | O P I N I O N |
| - vs - | | 6/3/2013 |
| | : | |
| PHILIP G. SPRINGER, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2011-07-0870

Myron Wolf, 120 North Second Street, P.O. Box 741, Hamilton, Ohio 45012, for plaintiff-appellee

Caparella-Kraemer and Associates LLC, Bradley M. Kraemer, 4841A Rialto Road, West Chester, Ohio 45069, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Philip G. Springer (Husband), appeals from a decree of divorce entered by the Butler County Court of Common Pleas, Division of Domestic Relations, which ordered him to pay spousal support to plaintiff-appellee, Tracy L. Springer (Wife).

{¶ 2} The parties were married on December 3, 1994, in Hamilton, Ohio. The parties have one minor child, born issue of the marriage on February 4, 1996.

{¶ 3} The parties stipulated that Husband's annual income is $77,756 per year, and that Wife's annual income is $13,740 per year, derived from Social Security Disability. The parties' son also receives $622 per month from Wife's disability benefits. The trial court found that the parties were earning relative to their abilities.

{¶ 4} The parties agreed to a shared parenting plan and the division of personal property. The trial court held a hearing with regard to all other property and support issues, including spousal and child support. The trial court ordered that Husband pay $676.18 per month in child support. Husband was further ordered to provide insurance coverage for the minor child, as well as assuming responsibility for seventy-five percent of all uncovered medicals. Following the allocation of assets and debts, Husband was ordered to pay $650 per month in spousal support.

{¶ 5} Husband now appeals the trial court's decision, raising the following assignment of error.

{¶ 6} THE TRIAL COURT ERRED IN ITS AWARD OF SPOUSAL SUPPORT TO APPELLEE AS IT WAS INAPPROPRIATE AND UNREASONABLE.

{¶ 7} In his assignment of error, Husband argues the trial court erred by awarding Wife an excessive amount of spousal support because the trial court: (1) failed to consider the short-term needs of Husband and thus created a disparity of income, (2) impermissibly considered that Husband is currently receiving help with expenses from another adult, and (3) failed to consider the additional disability Wife receives for their minor child.

{¶ 8} A trial court has broad discretion to determine the proper amount and duration of spousal support based on the facts and circumstances of each case, and a trial court's award of spousal support will not be disturbed absent an abuse of discretion. *Kedanis v.*

- 2 -

*Kedanis*, 12th Dist. No. CA2012-01-015, 2012-Ohio-3533, ¶ 10. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *Miller v. Miller*, 12th Dist. No. CA2001-06-138, 2002-Ohio-3870, ¶ 8.

{¶ 9} In determining whether an award of spousal support is appropriate and reasonable, a trial court is required to consider the 14 factors listed in R.C. 3105.18(C)(1), which include:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 10} Recently, this court discussed the difference between a spousal support order based on a party's "need" and the trial court's duty to base a spousal support order on a careful and full balancing of the factors in R.C. 3105.18(C)(1). *Kedanis*, 2012-Ohio-3533. In *Kedanis*, we turned away from a need-based support order, and instead held that,

> a trial court must consider each of the factors listed in R.C. 3105.18(C)(1), and while a number of statutory factors relate to the financial condition of the parties, others exist to assist the trial court in achieving an equitable result. Need is but one factor among many that the trial court may consider in awarding reasonable and appropriate spousal support.

*Id.* at ¶ 19.

{¶ 11} The trial court heard evidence regarding the factors during a hearing on the property and support issues, and throughout its decision made reference to the pertinent factors. In fact, the trial court specifically considered and analyzed each of the factors listed in R.C. 3105.18(C)(1) in its decision and order, dated May 18, 2012, which was incorporated fully in the decree of divorce.

{¶ 12} While Husband has been ordered to pay a greater amount of the parties' debts, the court recognized that he also earns a significantly greater income than Wife. Husband was found to earn $77,756 annually, while Wife earns $13,740 from Social Security Disability. The court carefully considered the division of the assets and debts of the parties, as well as "the disparity in the parties' incomes and current earning ability, Wife's health issues, and the parties' length of marriage," in determining the amount of spousal support.

- 4 -

Therefore, while Husband was ordered to pay a greater amount of the debts, we cannot find that the trial court failed to consider Husband's needs in granting spousal support in the amount of $650 per month. Rather, it is apparent the court balanced the factors of R.C. 3105.18(C)(1) with the needs of the parties in fashioning the spousal support amount.

{¶ 13} Husband next asserts that it was improper for the trial court to consider the help he is receiving from another adult in paying expenses. We disagree. The court's consideration of the help Husband is receiving to pay expenses is only further evidence of the trial court's consideration of his needs. Husband asserts that there is no guarantee that he will continue to receive this assistance in the future. However, if Husband's circumstances change in that regard, he will be free to seek a modification of the spousal support order just as he would if his income, which is also not guaranteed, were to change. Accordingly, we cannot find that the trial court erred in considering the help Husband is receiving from another adult to pay expenses.

{¶ 14} Finally, Husband argues the trial court failed to consider the additional disability benefit Wife receives for their minor child. However, in its entry, the trial court specifically found of the $650 spousal support amount that, "[w]hile this amount leaves a remaining deficit for Wife, the Court notes that she receives additional benefits for [their Child] through her Social Security." Where the trial court specifically referenced the additional disability benefits Wife receives for their minor child under the spousal support section of the divorce decree, we find no error in the alleged failure to consider those benefits.

{¶ 15} In light of the foregoing, having found that the trial court (1) considered the required factors of R.C. 3105.18(C)(1) and balanced those factors against the parties' needs, (2) properly considered the assistance Husband is receiving from another adult to pay expenses, and (3) properly considered the additional disability benefit Wife receives for their

minor child, we find no abuse of discretion by the trial court in granting a spousal support award of $650 per month.

{¶ 16} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.